UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KENYAN DEMETRIU FREEMAN                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:25-CV-642-CWR-ASH

WARDEN, YAZOO CITY MEDIUM FCI                              RESPONDENT

REPORT AND RECOMMENDATION

Pro se Petitioner Kenyan Demetriu Freeman filed this 28 U.S.C. § 2241 petition

challenging the Bureau of Prisons' (BOP) conclusion that he is ineligible to apply time credits

under the First Step Act (FSA). As explained below, the undersigned recommends the petition be

dismissed without prejudice for failure to exhaust.

I.      Facts and Procedural History

On November 27, 2023, Freeman was sentenced in the Southern District of Alabama

following his conviction for possession of a firearm by a prohibited person in violation of 18

U.S.C. § 922(g). Resp. [9] at 1. The court sentenced him to a 37-month term of incarceration. *Id*.

Freeman is presently housed at the Federal Correctional Institution in Yazoo City, Mississippi.

He filed this habeas petition alleging that the BOP has improperly refused to apply time credits

under the FSA on August 26, 2025. Respondent opposes the petition.

II.     Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for

raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United*

*States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack*

*v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Before filing a § 2241 petition, "[a] federal

prisoner seeking credit on his sentence . . . 'must first exhaust his administrative remedies

through the'" BOP. *Castano v. Everhart*, 235 F. App'x 206, 207 (5th Cir. 2007) (quoting *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).

The BOP's regulations provide for a multiple-step Administrative Remedy Program that "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10; *see generally id.* §§ 542.10–542.19 (Subpart B, Administrative Remedy Program). To begin the process, "an inmate shall first present an issue of concern informally to staff." *Id.* § 542.13. If informal resolution does not address the inmate's concerns, within "20 calendar days following the date on which the basis for the Request occurred," the inmate must file "a formal written Administrative Remedy Request, on the appropriate form (BP-9)." *Id.* § 542.14(a). Once a BP-9 is filed, "response shall be made by the Warden . . . within 20 calendar days." *Id.* Next, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal on the appropriate form (BP-10) to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response." *Id.* § 542.15(a). The Regional Director then has 30 calendar days to respond, *id.* § 542.18, and "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal on the appropriate form (BP-11) to the General Counsel within 30 calendar days of the date the Regional Director signed the response," *id.* § 542.15(a). The General Counsel has 40 calendar days to respond to the BP-11. *Id.* § 542.18.

"The filing of an appeal to the General Counsel 'is the final administrative appeal.' 28 C.F.R. § 542.15(a). Upon completing this multi-tiered review process, a federal inmate h[a]s exhausted h[is] administrative remedies for filing a § 2241 petition." *Gayton v. Rivers*, No. 3:23-CV-1842-X, 2023 WL 8007387, at *2 (N.D. Tex. Aug. 24, 2023) (citing *Gross*, 2009 WL 1675075, at *1), *report and recommendation adopted*, 2023 WL 8005316 (N.D. Tex. Nov. 17,

2023). "[P]roper exhaustion of administrative remedies is necessary," and "filing an untimely or otherwise procedurally defective administrative grievance or appeal" will not satisfy the requirement. *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006); *see also Herrera-Villatoro v. Driver*, 269 F. App'x 372 (5th Cir. 2008).

The declaration of BOP Paralegal Amy Landers explains that Freeman "did not file any administrative remedies at all regarding his concerns mentioned in his [petition]." Landers Decl. [9-1] ¶ 23.[1] Freeman does not dispute this in his response. Indeed, he admits that he filed no administrative remedies. Am. Pet. [3] at 2; Pet. [1] at 3–4. Thus, Freeman has failed to fully exhaust his administrative remedies.[2]

Freeman's focus is instead on his argument that he should be excused from the exhaustion requirement. While it is true that exhaustion is not a jurisdictional prerequisite to seeking relief under § 2241, courts in the Fifth Circuit nevertheless require federal prisoners to "exhaust 'administrative remedies before seeking habeas relief . . . under . . . § 2241.'" *Mayberry v. Pettiford*, 74 F. App'x 299, 299 (5th Cir. 2003) (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). And similarly, while there are "[e]xceptions to the exhaustion requirement," they "apply only in extraordinary circumstances, and it is [Freeman's] burden to demonstrate the futility of administrative review." *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (citing *Fuller*, 11 F.3d at 62).

---

[1] Landers failed to include Attachment E referenced in her declaration as the SENTRY system record of Freeman's history of administrative remedies. This oversight is irrelevant given Freeman's admission that he has not exhausted.

[2] Additionally, Landers states that Freeman is ineligible for FSA credit application due to his risk score level. Landers Decl. ¶ 13. Freeman does not address this argument. Nor will the undersigned; Freeman's failure to exhaust his administrative remedies is an independent and adequate reason to deny his petition.

Freeman asserts primarily that "exhaustion would be futile since [my] conditional release/transitional date of June 1, 2025 has already passed." Am. Pet. [3] at 2. But "[t]he fact that it takes time to exhaust administrative remedies does not excuse a prisoner from initiating and completing the process." *De La Garza Salinas v. Warden*, No. 3:24-CV-662-KHJ-MTP, 2025 WL 1297674, at *2 (S.D. Miss. Apr. 9, 2025), *report and recommendation adopted*, No. 3:25-CV-487-DPJ-ASH, 2025 WL 3681375 (S.D. Miss. Dec. 18, 2025). "Indeed, the United States Supreme Court has held that even inmates who may be entitled to immediate release must exhaust their administrative remedies." *Id.* (citing *Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973)).

Freeman also argues that exhausting with the BOP would be futile because the BOP has already deemed him eligible to apply his credits as evidenced by the March 2, 2025 FSA Time Credit Assessment report he attached to his Petition. Ex. A [1-1] at 1. For starters, Freeman's reliance on Exhibit A is misplaced because that document indicates his "transition to community" date was "conditional," "require[d] an individualized assessment," and the "date is subject to change based on the required five-factor review." *Id.* (capitalization omitted). Additionally, Respondent attached an updated FSA Time Credit Assessment Report dated November 4, 2025, which shows that "following 5 factor review" Freeman is eligible for 0 "SCA Recommended Placement Days." FSA Credit Assess. [9-1] at 13. So the BOP has *not* found Freeman to be eligible for early release, rather that he is ineligible. *Id.* But even if Freeman were right about his eligibility or believed he would be unsuccessful, that isn't enough. The fact that a petitioner believes he will be unsuccessful in their pursuit of administrative remedies does not excuse the obligation to exhaust. *Andrade v. Childress*, 3:25-CV-822-KHJ-MTP, 2026 WL 1140905, at *2 (S.D. Miss. Mar. 30, 2026), *report and recommendation adopted*, 2026 WL

4

1139640 (S.D. Miss. Apr. 27, 2026). Indeed, "[e]ven if the BOP is likely to deny relief, it does not make exhaustion futile." *Id.* (quoting *Wy v. Berkebile*, No. 3:08-CV-1894-G, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008)).

Finally, Freemen argues that because he's now being held unlawfully (according to him), he need not exhaust. Pet. [1] at 4. But that is not the standard in the Fifth Circuit, and the out-of-circuit case he cites does not support such a proposition. *See id.* at 4 (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010)).[3]

Simply put, Freeman was required to exhaust before filing his habeas petition. And has not met his burden to show he should be excused from exhausting. *See Fuller*, 11 F.3d at 62 ("[E]xceptions to the exhaustion requirement apply only in 'extraordinary circumstances,' and [Petitioner] bears the burden of demonstrating the futility of administrative review." (quoting *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992))). Because he failed to do so, his petition should be dismissed.

III.    Conclusion and Recommendation

The undersigned has considered all arguments. Those not directly addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends that the Court dismiss Freeman's habeas petition without prejudice for failure to exhaust.

---

[3] Freeman cited *Garza* as a Fifth Circuit decision in his response, but as a Tenth Circuit decision in his petition. The latter is correct. The undersigned gives Freeman the benefit of the doubt and assumes this was a typographical error and not an intentional misrepresentation.

IV.     Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[4] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of June, 2026.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE

---

[4] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).